COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

BRADLEY JAMES NOEL

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. MARTIN, NO. 05-229500
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Jeffrey J. Trosclair
Assistant District Attorney
St. Mary Parish Courthouse
Franklin, LA 70538
(337) 828-4100, Ext. 550
COUNSEL FOR APPELLEE:
    State of Louisiana


Mark O. Foster
Louisiana Appellate Project
Post Office Box 2057
Natchitoches, LA 71457
(318) 572-5693
COUNSEL FOR DEFENDANT/APPELLANT:
    Bradley James Noel

PETERS, J.

The defendant, Bradley James Noel, appeals the sentence imposed upon him for his conviction of second degree battery, a violation of La.R.S. 14:34.1. In his one assignment of error, he asserts that the sentence imposed is cruel, unusual, and excessive, thus violating La.Const. art. I, § 20. For the following reasons, we reject the defendant's assignment of error and affirm the trial court sentence in all respects.

## DISCUSSION OF THE RECORD

The incident giving rise to the criminal charge occurred on January 1, 2005, at the home of Faye Alex in St. Martin Parish, Louisiana. The defendant originally entered a plea of not guilty to the charge, but on October 10, 2005, pursuant to a plea agreement, changed his plea to that of nolo contendere. The trial court accepted the defendant's plea pursuant to the authority provided for in La.Code Crim.P. art. 552(4). At the October 10, 2005 hearing, the State of Louisiana presented the factual basis for the charge through the testimony of Faye Alex.

According to Faye Alex, who at the time of the incident was the defendant's girlfriend, she and the defendant became involved in a verbal dispute at her home on January 1, 2005. Faye Alex testified that when the defendant attempted to strike her, Anna Alex, her mother, intervened in the altercation, and that the defendant and Anna Alex then exchanged blows. As the defendant continued to strike her mother, Faye Alex left the house to obtain assistance. Anna Alex lost consciousness as a result of the defendant's attack and was later diagnosed as having sustained a closed head injury and a fracture of her maxillary sinus and mandible. She remained comatose for several days, and a tracheotomy was performed to sustain her breathing.

After accepting the defendant's plea, the trial court ordered a pre-sentence investigative report and set sentencing for February 6, 2006. At that sentencing

hearing, the trial court sentenced the defendant to serve three years at hard labor with credit for time served. The trial court subsequently denied the defendant's motion to reconsider his sentence and the defendant perfected this appeal.

**OPINION**

In sentencing the defendant, the trial court considered the content of the pre-sentence investigative report, the victim's medical records, photographs of the victim, the testimony of both Faye and Anna Alex, and the statement of the defendant. The trial court further articulated its consideration of the sentencing guidelines found in La.Code Crim.P. art. 894.1, and, in doing so, concluded that the defendant was a very controlling person with a family history of violence. Specifically, the trial court concluded that the defendant had abused Faye Alex in the past and was attempting to abuse her when her mother intervened. Having made that finding, the trial court concluded that application of the factors found in La.Code Crim.P. art. 894.1(A) mandated an incarceration sentence. The trial court then considered the factors found in La.Code Crim.P. art. 894.1(B) and concluded that a number of those factors applied to the detriment of the defendant. Specifically, the trial court found that the defendant was "persistently involved in domestic violence before this incident took place," that the defendant was under the influence of alcohol at the time of the offense, and that he was previously involved with controlled dangerous substances. The only mitigating factors present, according to the trial court, were that the defendant was a first felony offender, was employed, and was now involved with another woman.

The defendant argues in brief that Faye and Anna Alex fabricated their testimonies to the trial court at the sentencing hearing to create an impression that

2

they were in constant and present danger from him. He points to the fact that, despite this purported fear, Faye Alex resided with him for most of 2005. The defendant also argues that the trial court failed to consider his personal, educational, and lack of criminal history in sentencing him. We do not find that the record supports the defendant's arguments in this regard.

In considering the testimony of Faye and Anna Alex, the trial court found them credible and accepted their testimonies as true. On the other hand, the trial court found the defendant's explanation of the offense "unbelievable." It is the fact finder's role to weigh witness credibility, and the reviewing court should not second-guess those credibility determinations beyond the sufficiency evaluations under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983). Here, the defendant complains of credibility determinations made in the sentencing proceedings, not at the trial on the merits as contemplated by the *Jackson* standard of review. However, the credibility determinations remain with the trial court regardless of the nature of the hearing at issue. We find no error in the trial court credibility determinations in this matter.

We also find no merit in the defendant's argument that the trial court did not consider the mitigating factors. The trial court specifically addressed the defendant's background and gave him credit for a clean felony record. While the trial court did not specifically address the defendant's educational background, we note that the defendant presented no evidence on that issue. We do not know if the pre-sentence investigative report contains any reference to the defendant's educational background because it was not made a part of the appeal record. While La.Code Crim.P. art.

3

894.1(C) requires that the trial court must "state for the record the considerations taken into account and the factual basis therefor in imposing sentence," the trial court is not required to use La.Code Crim.P. art. 894.1(B) as a check list or to articulate every circumstance as long as the record sufficiently establishes that the trial court adequately considered the codal guidelines in particularizing a particular defendant's sentence. *State v. Anderson*, 95-1688 (La.App. 3 Cir. 5/8/96), 677 So.2d 480. In the matter before us, the trial court more than adequately complied with the sentencing guidelines.

In considering the defendant's argument that his three year sentence is excessive, we first note that La.R.S. 14:34.1 provides a maximum sentence of five years with or without hard labor for the offense of second degree battery. Therefore, the defendant's sentence is within the statutory range. Still, a sentence which falls within the statutory limit may be excessive under the particular circumstances of a given case. *State v. Sepulvado*, 367 So.2d 762 (La.1979).

This court, in *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331, stated the following concerning the reviewing court's role in excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is

4

whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Second degree battery is a serious crime of violence that requires as an element the imposition of serious bodily injury. In this case, Anna Alex sustained serious bodily injury at the hands of the defendant. Additionally, the circumstances were such that no justification existed for the defendant's actions. The legislative purpose of the significant penalty available under the statute is obviously to punish, prevent, and protect. Finally, sentences imposed for similar offenses compare favorably to the sentence imposed. *See State v. Robertson*, 98-883 (La.App. 3 Cir. 12/9/98), 723 So.2d 500, *writ denied*, 99-658 (La. 6/25/99), 745 So.2d 1187 (The victim momentarily lost consciousness, suffered a three-inch laceration to her forehead and scalp requiring seven stitches, suffered a laceration over the bridge of her nose, and sustained bruises to her arms and legs. The defendant received a four year hard labor

5

sentence) and *State v. Jackson*, 02-1250 (La.App. 3 Cir. 2/5/03), 838 So.2d 841, *writ denied*, 03-832 (La. 10/17/03), 855 So.2d 759 (The victim suffered a dislocated jaw requiring corrective surgery. The defendant received a four year hard labor sentence).

Given our review of the record, we find that the trial court considered the sentencing guidelines of La.Code Crim.P. art. 894.1, and individualized the sentence to the defendant. We do not find that the sentence imposed is excessive, nor do we find that the trial court abused its broad sentencing discretion in imposing the sentence.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's sentence in all respects.

**AFFIRMED.**