LOLLEY, J.
 

 h The defendant, Eric Stevenson, appeals his conviction and sentence by the Twenty-Sixth Judicial District Court for the Parish of Webster, State of Louisiana. Stevenson pled guilty to criminal damage to property with the intent to defraud and the trial court sentenced him to three years at hard labor. For the following reasons, we vacate Stevenson’s guilty plea and reverse his conviction; vacate his sentence; and, remand this case to the trial court for further proceedings.
 

 Facts
 

 On February 19, 2009, the Dixie Inn Police Department investigated a report that someone was stealing electricity at the Dixie Inn Apartments. A police officer met an employee from Entergy (the energy provider) at the apartments, and they discovered that whereas the electricity to Apartment 17 had been disconnected by Entergy, the seal was broken on the meter box and electricity was flowing to that apartment. The apartment was rented by Stevenson, who admitted he had turned his electricity back on after it had been disconnected. Stevenson was arrested and charged with one count of criminal damage to property with the intent to defraud by means other than fire or explosion (a violation of La. R.S. 14:57) and with a misdemeanor theft of a utility (a violation of La. R.S. 14:67.6).
 

 Stevenson originally pled not guilty, but changed his plea to guilty at a hearing held on June 1, 2009. At this hearing, Stevenson’s attorney recited the charges to the trial court and stated that Stevenson agreed to plead guilty to the felony of criminal damage to property with the intent to defraud, the misdemeanor would be
 
 nol-prossed,
 
 and, in return, the state 12would not seek to enhance the penalty under the habitual offender law, La. R.S. 15:529.1. His attorney told Stevenson he had to either accept the deal or take it to trial. Stevenson stated that he was not aware that he was pleading guilty to a felony, and his attorney explained the matter to him. Stevenson then said, “Well, I was hoping that I could have got around it, but I guess I can’t ... I have to plead guilty to it then.” Further, Stevenson stated that he understood the charge to which he was pleading guilty, and that he understood the penalty for the crime according to the statute. Stevenson’s attorney was asked by the trial court if she had advised her client concerning the charge and his legal rights and if she believed his answers and his plea of guilty were voluntary, both to which she answered affirmatively.
 

 
 *1275
 
 The prosecutor then recited the facts and also stated “We would also present evidence to show that Mr. Stevenson ... stated that he had gone into the meter and restored power to his residence although it had been cut off.” The trial court asked Stevenson if the statement of facts by the prosecutor was correct. Stevenson stated, “Basically, Your Honor, it is correct. I was not the one that cut the lock, probably the guy that called the police was-my neighbor, he cut the lock, but I did cut my lights back in.” The trial court asked him if he was pleading guilty or not guilty, and Stevenson replied, “Well, sir, I’m here, my neighbor’s not, I’ve got to plead guilty. It’s not something I want to do, but that’s what I got to do.”
 

 |sThe trial court judge indicated he was not trying to force him to enter a plea of guilty, but Stevenson pled guilty anyway. After a full
 
 Boylcinization,
 
 the trial court accepted the plea and found that it was voluntary, made with full understanding of his rights, and based on sufficient evidence. Subsequently, a three-year sentence at hard labor was imposed, and a motion to reconsider the sentence was later denied. This appeal followed.
 

 Discussion
 

 On appeal, Stevenson argues that the trial court accepted his guilty plea despite his assertions that he did not damage any property and without ascertaining whether a sufficient factual basis existed for the acceptance of the guilty plea. Stevenson argues that a constitutionally infirm guilty plea may be set aside on appeal. Further, he submits that although the establishment of a factual basis is not ordinarily a prerequisite to a valid guilty plea, the trial court must ascertain the existence of a “significant factual basis” if the defendant protests his innocence or if “for some other reason the trial court is put on notice there is a need for such an inquiry. Only in that event does due process require a judicial finding of significant factual basis for the defendant’s plea.”
 
 State v. Wagley,
 
 36, 277 (La.App.2d Cir.09/18/02), 828 So.2d 116. Stevenson requests his conviction be reversed and the matter remanded to the trial court so that he be given the opportunity to withdraw his plea of guilty to the felony offense.
 

 14As stated, Stevenson argues that the trial court was put on notice that he did not acknowledge causing any damage to property belonging to another. Damage to property with intent to defraud, La. R.S. 14:57, is defined as follows:
 

 Damage to property with intent to defraud is the damaging of any property, by means other than fire or explosion, with intent to defraud.
 

 Whoever commits the crime of damage to property with intent to defraud shall be fined not more than ten thousand dollars, imprisoned with or without hard labor for not more than four years, or both.
 

 Stevenson claims that despite the trial court’s conclusion that there was sufficient evidence to support the charge, the trial court was presented with nothing on which to base the conclusion. The record reflects that Stevenson clearly admitted to the misdemeanor crime of theft of utilities, but he denied the felony offense of criminal damage to property with the intent to defraud, even though he pled guilty to the charge. Further, the recitation of the facts by the prosecution made no mention of damage to property, but only mentioned the theft of electricity. No facts were given to support any of the necessary elements of the charge to which the plea was being entered, criminal damage to property with the intent to defraud. Further, the trial court did not go over the elements of the offense to which he was pleading,
 
 *1276
 
 and instead, merely asked Stevenson if he understood he was pleading guilty to that crime.
 

 The “best interest” or
 
 Alford
 
 plea, which derives from the United States Supreme Court case of
 
 North Carolina v. Alford,
 
 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), is one in which the defendant pled guilty |swhile maintaining his innocence. In
 
 Alford,
 
 the Supreme Court ruled that a defendant may plead guilty, without forgoing his protestations of innocence, if “the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant!;,] • • • especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant’s advantage.”
 
 Id.,
 
 400 U.S. at 31, 91 S.Ct. at 164;
 
 State v. McCoil,
 
 2005-658 (La.App. 5th Cir.02/27/06), 924 So.2d 1120. In a case involving an
 
 Alford
 
 plea, the record must contain “strong evidence of actual guilt.”
 
 Id.,
 
 400 U.S. at 38, 91 S.Ct. at 167;
 
 State v. McCoil, supra; State v. Villarreal,
 
 1999-827 (La.App. 5th Cir.02/16/00), 759 So.2d 126, 129,
 
 writ denied,
 
 2000-1175 (La.03/16/01), 786 So.2d 745.
 

 It should be noted that nowhere in the transcript of the guilty plea does Stevenson, or his attorney, use the words
 
 “Alford
 
 plea.” However, at the plea hearing, Stevenson protested his innocence to the felony with which he was being charged when asked whether he agreed with the state’s recitation of the facts. In response to that question, Stevenson said, “Basically, Your Honor, it is correct. I was not the one that cut the lock, probably the guy that called the police was-my neighbor, he cut the lock, but I did cut my lights back in.” This statement raises the issue of whether a valid
 
 Alford
 
 plea was entered simply by virtue of that statement, or whether the statement should be accepted or interpreted as a
 
 nolo contendere
 
 plea, which would not put the trial court on notice that it must ascertain a factual basis for the plea.
 

 |6In
 
 Villarreal, supra,
 
 the court made the procedural distinction between an
 
 Alford
 
 plea and a
 
 nolo contendere
 
 and stated as follows:
 

 In
 
 State v. Walters,
 
 591 So.2d 1352, 1355 (La.App. 4th Cir.1991),
 
 writ denied,
 
 584 So.2d 1171 (La.1991), the court, citing
 
 Alford,
 
 found that “... an
 
 Alford’
 
 plea and a plea of
 
 ‘nolo contendere’
 
 have no significant constitutional distinctions and have the identical legal consequences.” A major procedural distinction between the two, however, is that a
 
 nolo conten-dere
 
 plea, unlike a plea accompanied by a claim of innocence, does not put the trial court on notice that it must ascertain a factual basis to support the plea.
 
 State v. Orman,
 
 1997-2089 (La.01/09/98), 704 So.2d 245. In a case involving a bona fide
 
 Alford
 
 plea, the record must contain “strong evidence of actual guilt.” * ⅜ *
 

 The standard under
 
 Alford
 
 is not whether the state may prevail at trial by establishing the essential elements of the crime beyond a reasonable doubt and negating all possible defenses, but rather whether the strength of the factual basis, coupled with the other circumstances of the plea, reflect that the plea “represents a voluntary and intelligent choice among the alternatives.... ”
 

 Villarreal, supra,
 
 759 So.2d at 129,130.
 

 In this case, Stevenson told the trial judge that he did not commit the crime of breaking into the meter box, and he specifically denied having committed the crime of which he was being accused. To reiterate the fact, at the beginning of the hearing, Stevenson was confused as to the charges against him and to which he was pleading. When his attorney discussed the plea deal with the judge, Stevenson
 
 *1277
 
 asked, “So I’m not pleading guilty to a felony?” The attorney responded, “Yes, it is a felony.” Stevenson said he thought she had told him it was a misdemeanor, and she explained that the damage to property with intent to defraud was a felony and that the deal was that the misdemeanor of theft would be
 
 nol-prossed.
 
 Stevenson then said, 17“Well, I was hoping that I could have got around it, but I guess I can’t ... I have to plead guilty to it then.”
 

 Another problem arose when the state read the statement of the case. Although the state’s attorney said the state would present evidence and show Stevenson committed criminal damage to property with intent to defraud by damaging any property by means other than fire or explosion, the state’s attorney did not indicate what that evidence was to be. The evidence the state’s attorney spoke of only addressed the theft of the electricity, and did not indicate he had proof that Stevenson was a principal to the felony of criminal damage to property. In fact, Stevenson denied having committed that crime and indicated that someone else had broken the meter.
 

 So considering, a review of the transcript in light of
 
 Alford
 
 indicates that there is not enough evidence that Stevenson’s guilty plea, coupled with the protestation of innocence, was based on a significant factual basis and was knowing and voluntary. Therefore, we conclude that Stevenson’s conviction should be reversed and the matter remanded to give Stevenson the opportunity to withdraw his guilty plea to the felony offense. See
 
 State v. Romano,
 
 627 So.2d 766 (La.App. 2d Cir.1993). Further, in light of this determination, a discussion of Stevenson’s assignment of error regarding his sentence is moot. His sentence is vacated pending further proceedings at the trial court.
 

 | ^Conclusion
 

 For the foregoing reasons, we vacate Eric Stevenson’s guilty plea and reverse his conviction for criminal damage of property with the intent to defraud. We also vacate his three-year sentence for that offense. This matter is remanded to the trial court for further proceedings.
 

 CONVICTION REVERSED AND SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.