COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

DUSTIN P. GUILBEAU

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 126276
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

************

PHYLLIS M. KEATY
JUDGE

************

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED;
CASE REMANDED FOR ADDITIONAL *BOYKIN* HEARING.

Michael Harson
District Attorney
Keith A. Stutes
Assistant District Attorney
Post Office Box 3306
Lafayette, Louisiana 70502-3306
(337) 232-5170
Counsel for:
    State of Louisiana

Jason W. Robideaux
Attorney at Law
412 West University Avenue, Suite 202
Lafayette, Louisiana 70506
(337) 291-9444
Counsel for Defendant/Appellant:
    Dustin P. Guilbeau

**KEATY, Judge.**

On October 20, 2009, the State filed a bill of information charging Defendant, Dustin P. Guilbeau, with second degree battery upon Derwin Perron, in violation of La.R.S. 14:34.1. Previously, on June 16, 2008, the State had filed a bill of information charging Defendant with second degree battery upon Burtecin Sapta.[1] The cases were assigned docket numbers 126276 and 120457, respectively. Ultimately, Defendant pled guilty to both counts on January 11, 2010, and the trial court ordered a pre-sentence investigation (PSI) report.

On July 19, 2010, Defendant was sentenced to three years at hard labor on both counts to run concurrently. On August 16, 2010, Defendant filed a motion to reconsider sentence, which the trial court denied on the same date, without a hearing. Defendant timely filed a motion to appeal the denial of his motion to reconsider sentence; the motion included docket numbers 120457 and 126276.[2]

Defendant now appeals, asserting that the trial court erred in denying his motion to reconsider sentence and in accepting his guilty plea without ascertaining whether there was a factual basis for the plea. For the following reasons, we conditionally affirm Defendant's sentence; however, we remand for the trial court to establish that a factual basis exists for Defendant's guilty plea.

---

[1]Defendant's brothers, Brian Keith Guilbeau and Derek Christopher Guilbeau, were also named in the bill of information.

[2]The trial court provided this court with a separate record for each of its docket numbers and each has been assigned a separate docket number for appeal. Both docket numbers were addressed at the same plea hearing and sentencing hearing. On February 2, 2011, the clerk of this court granted Defendant's motion to consolidate, but only for purposes of briefing and disposition. Defendant has submitted a single brief addressing both docket numbers.

## FACTS

At the start of Defendant's guilty plea hearing, defense counsel stated that there were going to be pleas in docket numbers 120457 and 126276. Nevertheless, only one set of facts was adduced at the guilty plea hearing:

BY THE COURT:

Q.   Now, each of you, before the Court can accept your plea the Court has to be satisfied that there's a factual basis for the plea. That is, that you did, in fact, commit this offense and you committed the crime here in Lafayette.

. . . .

Q.   Mr. Dustin Guilbeau, Second Degree Battery. Did you commit this crime?

BY MR. DUSTIN GUILBEAU:

A.   Yes, sir.

Q.   Tell me, what did you do and where did it happen at?

A.   What's that?

Q.   Tell me, what did you do and where did it happen at?

A.   Well, I --

Q.   Speak loud. I need to hear you.

A.   I got in a fight downtown behind the parking tower.

Q.   And that's here in Lafayette?

A.   Yes, sir.

Q.   And that's as a result to a Second Degree Battery charge?

A.   Yes, sir.

Q.   What did you do as a consequence of that fight? Did you hit somebody?

A.   Yeah. I hit him with my fist after I got hit.

2

Q.  All right.

## DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After review, we find no errors patent.

*Motion to Reconsider Sentence*

In his first assignment of error, Defendant argues the trial court erred by denying his motion to reconsider sentence. He alleges that the trial court did not follow La.Code Crim.P. art. 894.1, in that it failed to consider any mitigating factors, and that his sentence is excessive.

The following colloquy occurred at Defendant's sentencing hearing:

> THE COURT: All right. Mr. Stutes? Dustin Guilbeau?
>
> MR. STUTES: Yes, sir.
>
> THE COURT: Same as Derek, simple [sic] battery?
>
> MR. STUTES: Yes, sir. The only difference is this Mr. Guilbeau, in addition to the matter that you previously sentenced the other Mr. Guilbeau on, he had another charge also.
>
> MR. NEUMANN: That is correct, Your Honor.
>
> MR. STUTES: Two counts -- two separate charges of second degree battery.
>
> MR. NEUMANN: That is correct, Your Honor.
>
> THE COURT: They are recommending five years hard labor.
>
> MR. NEUMANN: Yes, Your Honor, I understand that. Basically, what we would like the Court to note is in the pre-sentence investigation and I believe in all of the police reports regarding the more serious offense involving Brian and Derek, the pre-sentence investigation and the reports indicate that they were [the] main instigators. The independent witness who was identified by the police investigating the crime as well as Mr. Mark Hebert, who was an

3

independent witness, basically indicated that Mr. Dustin Guilbeau stayed out of the fight for the most part. His involvement was more in the latter part of the stages. He was not the main instigator as noted by the officer doing the investigation.

Additionally, the investigative report indicates that this is Mr. Guilbeau's first felony offense. He's not been in any type of trouble before with felony offense. Additionally, there is restitution in both cases of approximately $10,742.17. Mr. Dustin Guilbeau is able to make restitution to the victims in both cases. There's restitution in both cases. I believe the second case it was $1,200, the restitution that was owed.

Additionally, for the Court's information, Mr. Dustin Guilbeau had surgery for a brain tumor on February 8, 2010. He is still under the care of a physician for that particular illness. Dr. Anil Nanda in Shreveport, and there's a possibility that he will be going back to -- back to surgery on that particular illness. Given Mr. Dustin Guilbeau's -- I'm not going to say he wasn't involved, Your Honor, but the extent of his involvement of the more serious offense, his ability to pay restitution, and the fact that he's a first time offender, we would ask that the Court consider a probation sentence for Mr. Dustin Guilbeau.

THE COURT: He's not a first time offender.

MR. NEUMANN: A first time felony offender, Your Honor.

THE COURT: This guy's a fighter. I mean, he really is.

MR. NEUMANN: I understand that, Your Honor.

THE COURT: He really loves to fight.

MR. NEUMANN: He and his brothers do seem to get involved, Your Honor.

THE COURT: Yes.

MR. NEUMANN: And that's why what -- that's why we're pointing out that the police reports and the individual -- the officer doing the investigative -- for purposes of pre-sentence investigation basically verified that Brian and Derek were the main instigators. Dustin was present and did get involved, but the extent of his involvement is not near what the brothers were.

THE COURT: All right. I'm going to sentence him to three (3) years of hard labor. Good luck to you.

4

This has to stop. This nonsense of beating up on people because they don't --

MR. STUTES: Each count, Your Honor?

THE COURT: On each count to run concurrent.

In *State v. Insley*, 04-1006, p. 4 (La.App. 3 Cir. 2/2/05), 893 So.2d 209, 212-13, this court observed:

> The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La.Code Crim.P. art. 894.1; *State v. Klause*, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph C of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of La.Code Crim.P. art. 894.1. *State v. Pontiff*, 604 So.2d 71 (La.App. 3 Cir.1992). However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. *State v. Smith*, 433 So.2d 688 (La.1983).
>
> If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. *State v. Cottingin*, 476 So.2d 1184 (La.App. 3 Cir.1985), *appeal after remand*, 496 So.2d 1379 (La.App. 3 Cir.1986); *State v. Morgan*, 428 So.2d 1215 (La.App. 3 Cir.1983), *writ denied*, 433 So.2d 166 (La.1983); See also, *Smith*, 433 So.2d 688 and *State v. Stein*, 611 So.2d 800 (La.App. 3 Cir.1992). Even though art. 894.1 has undergone several major revisions, the reasoning used in these cases is still applicable.

*State v. Bey*, 03-277, pp. 5-6 (La.App. 3 Cir. 10/15/03), 857 So.2d 1268, 1272-73 (quoting *State v. Anderson*, 95-1688, p. 4 (La.App. 3 Cir. 5/8/96), 677 So.2d 480, 483).

More recently, we held:

5

Before imposing sentence, the trial court indicated that it thoroughly reviewed the defendant's Pre-Sentence Investigation Report (PSI) and considered the elements of the sentencing guidelines provided in La.Code Crim.P. art. 894. When sentencing the defendant, the trial court did not identify the specific factors of La.Code Crim.P. art. 894.1 it considered in formulating the sentence. As noted in *State v. Smith*, 433 So.2d 688, 698 (La.1983) (citations omitted), "[w]hile the trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." This does not mean, however, that the trial judge's failure to comply with Article 894.1 renders a sentence invalid, as the goal of this article is articulation of the factual basis for a sentence, "not rigid or mechanical compliance with its provisions." *State v. Lanclos*, 419 So.2d 475, 478 (La.1982). Accordingly, if "the record clearly shows an adequate factual basis for the sentence imposed[,] . . . remand is unnecessary, even where there has not been full compliance with Article 894.1." *Id.*

*State v. H.A., Sr.*, 10-95, pp. 25-26 (La.App. 3 Cir. 10/6/10), 47 So.3d 34, 50.

Although the trial judge's comments in the current case were minimal, the record reflects that both Defendant's trial counsel and the court were aware of the contents of the PSI and that the PSI supports the trial court's conclusion that Defendant is a "fighter," even though previous battery charges against him were dismissed. The exchange between the trial court and trial counsel regarding Defendant's status as a first felony offender suggested Defendant had prior offenses. While the only conviction listed in the PSI is a non-violent misdemeanor, there were three prior battery charges that were dismissed. The court was clearly aware of two of the mitigating factors emphasized by appellate counsel: his status as a first felony offender and his brain tumor.[3] Also, the trial court sentenced Defendant to three years on each count, less time than the five years recommended in the PSI.

---

[3] No evidence was presented to suggest that the brain tumor contributed to Defendant's apparent proclivity to fight.

Here, even though it failed to specifically articulate which La.Code Crim.P. art. 894.1 criteria it considered, the record reflects that the trial court did, in fact, consider both aggravating and mitigating factors in particularizing Defendant's sentence and that there was an adequate factual basis for the sentence imposed in this case.

The analysis for an excessive sentence claim is well-established:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La.2/1/02), 808 So.2d 331 (alteration in original).

In *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-0433 (La.6/25/99), 745 So.2d 1183, our colleagues on the Fifth Circuit Court of Appeal noted three factors the appellate court should consider in reviewing a judge's sentencing discretion. They are:

> 1. the nature of the crime,
>
> 2. the nature and background of the offender, and
>
> 3. the sentence imposed for similar crimes by the same court and other courts.

> *State v. Telsee*, 425 So.2d 1251 (La.1983); *State v. Richmond*, 97-1225 (La.App. 5 Cir. 3/25/98), 708 So.2d 1272.

> *Id.* at 58.

*State v. Baker*, 06-1218, pp. 7-8 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, 89, *writs denied,* 07-320 (La. 11/9/07), 967 So.2d 496 and 07-1116 (La. 12/7/07), 969 So.2d 626.

Here, the nature of the offense was serious. Although details do not appear in the record, an element of second degree battery is "serious bodily injury" to the victim. La.R.S. 14:34.1(A). The PSI indicates the injuries in each case were significant. In the previously quoted colloquy, Defense counsel made reference to the fact that restitution (in both cases) was approximately $10,700.00.

As for the nature of the offender, the record shows he is a first felony offender who had surgery to remove a brain tumor. However, as discussed earlier, the PSI supports the trial court's comment on the record that Defendant is "fighter."

In reference to the final factor of *Baker* and *Lisotta*, i.e., sentences imposed by this court and others for defendants convicted of second degree battery, the following jurisprudence offers guidance. In *State v. Howard*, 44,180 (La.App. 2 Cir. 5/13/09), 13 So.3d 729, the defendant, who was one of three men charged in an unwarranted attack on a single man in a grocery store parking lot, pled guilty to second degree battery. The second circuit approved the defendant's four-year sentence after finding that the trial court had closely studied the defendant's PSI and that the record contained an adequate factual basis for the sentence imposed. In *State v. Noel*, 06-1129 (La.App. 3 Cir. 3/7/07), 952 So.2d 899, this court upheld a three-year sentence for a defendant who pled nolo contendere to the second degree battery of his

8

girlfriend's mother, noting that although the defendant was a first felony offender, there was no justification for the defendant's actions, he had a history of domestic violence, and the victim sustained serious bodily injury. Finally, in *State v. Landry*, 03-1671 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, the fourth circuit upheld a four-year sentence for a defendant convicted of committing second degree battery on another man in the parking lot of a bar, noting that although he was a first felony offender, the defendant had prior misdemeanor convictions and a history of losing control of himself. These cases show the current sentence does not fall outside the norms of Louisiana jurisprudence.

Viewing Defendant's sentence in light of *Barling*, 779 So.2d 1035, *Baker*, 956 So.2d 83, and *Lisotta*, 726 So.2d 57, it is not excessive. Accordingly, there is no merit to Defendant's assertion that the trial court erred in denying his motion to reconsider.

Before addressing the second assignment of error, we note that Defendant's motion to appeal prayed only for an appeal from the order denying his motion to reconsider sentence, while the language of the order granting him an appeal is general and not restricted to only the order denying the motion for reconsideration. Arguably, issues unrelated to sentencing are thus not properly before this court. Nevertheless, because appeals are favored, we will address Defendant's second assignment of error.

*Lack of Factual Basis*

Defendant argues that his guilty plea lacked a factual basis and is therefore defective. As he correctly observes, the issue can be appealed even though he did not file a motion to withdraw the plea due to its constitutional implications. *See State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36.

9

This court has previously explained:

Generally, a defendant waives the right to question the merits of the State's case or the underlying factual basis by entering a plea of guilt, or plea of *nolo contendere*. *State v. Brooks*, 38,963 (La.App. 2 Cir. 9/22/04), 882 So.2d 724. "When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a *significant factual basis* for the defendant's plea." *State v. Linear*, 600 So.2d 113, 115 (La.App. 2 Cir.1992); *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). However, this court has held that a plea of *nolo contend*[*e*]*re* alone, unlike a guilty plea accompanied by a claim of innocence, does not put the trial court on notice that a significant factual basis must be obtained. *State v. Villarreal*, 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, *writ denied*, 00-1175 (La.3/16/01), 786 So.2d 745; *State v. Guffey*, 94-797 (La.App. 3 Cir. 2/1/95), 649 So.2d 1169, *writ denied*, 95-973 (La.9/22/95), 660 So.2d 469. Citing *Alford*, the Louisiana Supreme Court has stated:

Moreover, even assuming that relator had protested his innocence when he entered his guilty plea and further assuming that in all cases involving a *bona fide Alford* plea the record "before the judge [must] contain [ ] strong evidence of actual guilt," the standard under *Alford* is not whether the state may prevail at trial by establishing the essential elements of the crime beyond a reasonable doubt and negating all possible defenses, but rather whether the strength of the factual basis, coupled with the other circumstances of the plea, reflect that the plea "represents a voluntary and intelligent choice among the alternative[s]."

*State v. Orman*, 97-2089, pp. 1-2 (La.1/9/98), 704 So.2d 245, 245 (citations omitted).

*State v. Johnson*, 04-1266, pp. 6-7 (La.App. 3 Cir. 2/2/05), 893 So.2d 945, 950-51.

As seen in the previously cited colloquy from his plea hearing, Defendant stated that someone hit him before he struck anybody. He now argues that this assertion should have put the trial court on notice that a more detailed factual basis was necessary to support the plea. In support of this argument, Defendant cites *State v. Harris*, an unpublished opinion bearing docket number 08-1072 (La.App. 3 Cir.

10

6/24/09), in which the defendant pled guilty to forcible rape but claimed the intercourse was consensual. This court held that the defendant's factual assertion was a claim of innocence and remanded the case for an additional *Boykin* hearing.

Defendant also cites *State v. Stevenson*, 45,371 (La.App. 2 Cir. 6/23/10), 41 So.3d 1273, a case where the defendant, who restored electricity to his residence after his power was cut off, pled guilty to theft and criminal damage to property with the intent to defraud.

The second circuit explained:

Stevenson claims that despite the trial court's conclusion that there was sufficient evidence to support the charge, the trial court was presented with nothing on which to base the conclusion. The record reflects that Stevenson clearly admitted to the misdemeanor crime of theft of utilities, but he denied the felony offense of criminal damage to property with the intent to defraud, even though he pled guilty to the charge. Further, the recitation of the facts by the prosecution made no mention of damage to property, but only mentioned the theft of electricity. No facts were given to support any of the necessary elements of the charge to which the plea was being entered, criminal damage to property with the intent to defraud. Further, the trial court did not go over the elements of the offense to which he was pleading, and instead, merely asked Stevenson if he understood he was pleading guilty to that crime.

. . . .

. . . [A] review of the transcript in light of *Alford* indicates that there is not enough evidence that Stevenson's guilty plea, coupled with the protestation of innocence, was based on a significant factual basis and was knowing and voluntary. Therefore, we conclude that Stevenson's conviction should be reversed and the matter remanded to give Stevenson the opportunity to withdraw his guilty plea to the felony offense. See *State v. Romano*, 627 So.2d 766 (La.App. 2d Cir.1993). Further, in light of this determination, a discussion of Stevenson's assignment of error regarding his sentence is moot. His sentence is vacated pending further proceedings at the trial court.

*Id.* at 1275-77.

The State does not dispute the authority of these cases but argues that the present case is distinguishable, as it does not involve a claim of innocence. In support

of its argument, the State cites *State v. Orman*, 97-2089 (La. 1/9/98), 704 So.2d 245, a case also cited in *Johnson*, 893 So.2d 945 and *Stevenson*, 41 So.3d 1273. *Orman* is distinguishable from the instant case because the defendant in that case claimed he did not remember anything about the offense because he was intoxicated at the time; however, he did not claim that intoxication had negated his intent. Thus, the supreme court reasoned that he had "entered the equivalent of a *nolo contendere* plea" which did not require a factual basis. *Id.* at 245.

Here, while it is true Defendant did not claim innocence in his factual recitation, his statement that he was struck first raised the issue of justification, i.e., self-defense, as authorized by La.R.S. 14:19. In an analogous situation, the second circuit reviewed an *Alford* plea and explained:

> In the instant case, the trial court first explained to the defendant his *Boykin* rights and instructed the district attorney to recite the factual basis for the guilty plea. At the conclusion of this recitation, the trial court asked the defendant if the facts were correct. The defendant said they were not, and the trial court allowed him to tell his version of the facts. *While the defendant did not affirmatively state that he was innocent of the offense to which he was pleading, he basically asserted that he had not intended to kill the victim and that he had acted in self-defense.*
>
> . . . .
>
> The defendant's statements were sufficient to place the trial court on notice that a judicial finding of a significant factual basis for the plea was required. Our examination of the *Boykin* transcript demonstrates that the trial court was obviously concerned by the defendant's denial of key facts and his assertion of self-defense. However, the court heard no testimony other than the defendant's statements, and no evidence was taken. Also, the trial judge's comments do not demonstrate a familiarity with the defendant's statements to the police. (Copies of these statements are found in the appellate record only as attachments to the state's response to discovery.) Nor were there any references to statements made by the victim or pertaining to the victim's condition from which the trial court could have properly determined that the defendant had the specific intent to kill when the incident occurred.

12

> Nonetheless, the trial judge stated that he thought the defendant had admitted enough of the facts for the plea to be accepted.
>
> . . . .
>
> In the present case, the factual basis for the plea might have been established through the incorporation of the contents of the defendant's statements to the police, the victim's statements to the police, or the testimony taken at the preliminary examination before another judge. The trial court could have also conducted an evidentiary hearing on the issue.

*State v. Linear*, 600 So.2d 113, 115-16 (La.App. 2 Cir. 1992) (emphasis added) (footnote omitted).[4] Thus, the second circuit remanded the case to the trial court for an additional *Boykin* hearing.

While the State's brief acknowledges *Harris*, an unpublished opinion bearing docket number 08-1072, and *Stevenson*, 41 So.2d 1273, it cites a number of cases to support its position that Defendant's guilty plea should not be reversed because he did not claim actual innocence. We find *State v. Guffey*, 94-797 (La.App. 3 Cir. 2/1/95), 649 So.2d 1169, *writ denied*, 95-973 (La. 9/22/95), 660 So.2d 469 inapplicable to this appeal, as it clearly involved a nolo contendere plea and, thus, did not require a factual basis. We likewise find *State v. Francis*, 02-862 (La.App. 3 Cir. 12/11/02), 832 So.2d 1225, *writ denied*, 03-149 (La. 5/2/03), 842 So.2d 1099, inapplicable as it, like *Orman*, presented a nolo contendere situation. In addition, we are of the opinion that *Villarreal*, 759 So.2d 126, does not further the State's argument, as it does not demonstrate that an assertion of *innocence* is *required*. In light of *Harris*, *Stevenson*, and *Linear*, Defendant's assertion that he was struck first put the trial court on notice that a more detailed factual basis was needed to support the plea.

---

[4]The *Linear* court recognized the error on its own motion.

The following colloquy took place regarding one of the co-defendants:

BY THE COURT:

Q.     Mr. Brian Keith Guilbeau, Second Degree Battery.  Did you commit this offense?

BY MR. BRIAN GUILBEAU:

A.     Not really, sir, but --

          MR. STUTES:  We're ready for trial, Judge.

          MR. BRIAN GUILBEAU:  I mean, I helped stop a fight, yes, sir.

BY THE COURT:

Q.     I can't hear you.

BY MR. BRIAN GUILBEAU:

A.     I helped stop a fight, yes, sir.

Q.     Why are you pleading if you're not guilty?

A.     (No response by the witness.)

          THE COURT:  Mr. Guidry, are you his attorney?

          MR. GUIDRY:  Yes, I am.

          THE COURT:  He's pleading because he believes that if he went to trial it's likely that he would be found Guilty?

          MR. GUIDRY:  Yes, sir.

BY THE COURT:

Q.      What are the facts in this case?  A fight occurred where?

BY MR. BRIAN GUILBEAU:

A.     Downtown, sir.  A guy hit me.

Q.     Who else was involved?

14

A. My brother got hit from behind the head, and my other brother tried to stop it. My other brother got up and started fighting back, and we just tried to separate it.

Q. Did you hear your lawyer say you're pleading because there's a likelihood that you probably would be found Guilty?

A. Yes, sir.

Q. Is that correct?

A. Yes, sir.

> THE COURT: All right. Have the record so reflect, Mr. Belaire.

Apparently, a mild protestation of innocence alerted both the prosecutor and the trial judge that there was a potential problem with the co-defendant's impending plea. In our view, the jurisprudence shows that Defendant's factual assertion of justification, however brief, should have been equally noteworthy to the trial court. Also, since only one set of facts was recited, it is unclear as to which, if not both, offenses Defendant was asserting the justification of self-defense.

For the foregoing reasons, we conclude that there is merit to Defendant's second assignment of error, and we remand this matter to the trial court to allow the State to establish that a factual basis exists for Defendant's guilty plea.

## DECREE

Defendant's conviction and sentence in docket number 126276 are conditionally affirmed on the evidence in the record on appeal. However, within thirty days of the date of this opinion, the trial court shall conduct an additional *Boykin* hearing and allow the State an opportunity to present other evidence of Defendant's guilt at said hearing. The trial court should take special care to ensure that there is a factual basis to support each of the counts against Defendant, as the two

counts involved different victims. If the trial court determines the factual basis so provided is not sufficient, it should vacate the plea and sentence.

Defendant may appeal from any adverse ruling on the issue of whether the factual basis is sufficient to support the plea. In the absence of such an appeal, this court affirms his conviction of second degree battery.

**CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; CASE REMANDED FOR ADDITIONAL *BOYKIN* HEARING.**