# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 17-406


**STATE OF LOUISIANA**

**VERSUS**

**SEAN J. BREAUX**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 58337-J
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN E. CONERY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.


**AFFIRMED.**

**Honorable Keith A. Stutes**
**Lafayette Parish District Attorney**
**Post Office Box 3306**
**Lafayette, Louisiana  70502-3306**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **State of Louisiana**

**John V. Ghio**
**Assistant District Attorney**
**100 North State Street, Suite #215**
**Abbeville, Louisiana  70510**
**(337) 898-4320**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana  70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Sean J. Breaux**

**CONERY, Judge.**

On January 27, 2015, Defendant, Sean J. Breaux, was charged by bill of indictment with one count of aggravated rape, in violation of La.R.S. 14:42.[1] On May 12, 2016, the trial court ordered a sanity commission on Defendant's motion. One member of the commission was replaced on June 2, 2016. On September 1, 2016, after reviewing the sanity commission's report, the trial court found that Defendant was competent to stand trial. The trial court's decision was based on acknowledgment by counsel for the State and Defendant that the report of the two remaining members of the sanity commission determined Defendant was competent to stand trial.

On November 14, 2016, Defendant entered a plea of no contest to an amended, and lesser, charge of second degree rape pursuant to La.Code Crim.P. art. 14:42.1[2], with the agreement that a Pre-Sentence Investigation (PSI) Report would be ordered. On January 20, 2017, after considering the PSI Report and all evidence, the court sentenced Defendant to thirty-five years at hard labor, with the first ten years to be served without benefit of probation, parole, or suspension of sentence. The sentencing range for violations of La.Code Crim.P. art. 14:42.1 are imprisonment at hard labor for at least five and no more than forty years, with the

---

[1] The crimes of "aggravated" rape *(14:42) and* "forcible" rape *(14:42.1)* were respectively renamed "first degree" and "second degree" rape effective August 1, 2015. 2015 La. Acts No. 184, § 1; 2015 La. Acts No. 256, § 1. In this opinion, "aggravated rape" and "first degree rape" are synonymous and mean the offense defined by the provisions of La.Code Crim.P. art. 14:42; and "forcible rape" and "second degree rape" are synonymous and mean the offense defined by the provisions of La.Code Crim.P. art. 14:42.1.

[2] Second Degree Rape, as defined in La.Code Crim.P. art. 14:42.1 is committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one of the following circumstances:
(1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.

. . . .

added requirement that at least two of the years must be imposed without the benefit of probation, parole, or suspension of sentence. La.Code Crim.P. art. 14:42.1.

On February 3, 2017, Defendant filed a pro se "Motion for Amending or Modifying of Sentence" with the trial court. It failed to set forth grounds or argument in support of modification of his sentence, which is required by La.Code Crim.P. art. 881.1(B). Defendant then filed a second identical motion on February 21, 2017. Both motions were denied by the trial court without reasons, as allowed by La.Code Crim. P. art. 881.1(D).

Defendant appealed and is now before this court asserting one assignment of error: that his sentence is excessive and "considering the facts of [the] case, was an abuse of the trial court's discretion." For the following reasons, we affirm the trial court's judgment sentencing Defendant to serve thirty-five years at hard labor, with the first ten years being without benefit of probation, parole, or suspension of sentence.

## FACTS AND PROCEDURAL HISTORY

On or about October 24, 2014, Defendant raped the victim, a twelve year old girl. This rape was characterized as "vaginal sexual intercourse without the lawful consent of the victim." At sentencing, and in support of the plea agreement, the State set forth the factual basis that Defendant had violated La.Code Crim.P. art. 14:42.1 by having vaginal sexual intercourse with the twelve year old victim without her lawful consent. The State further asserted the rape also fit the constraints of La.Code Crim.P. art. 14:42.1 because the victim was prevented from resisting the rape by force or threats of physical violence because the victim reasonably believed that attempts at resisting would not prevent the rape.

2

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, this court finds that there are no errors patent.

## ASSIGNMENT OF ERROR

Defendant's sole assignment of error is that the trial court erred in imposing an excessive sentence. Defendant essentially argues that it was inappropriate for his co-defendant, whom he claims "set this crime in motion," to get a suspended sentence while he received a sentence of thirty-five years imprisonment at hard labor. The State contends Defendant's appeal is improper and his sentence should not be reviewed by this court because a proper motion to reconsider, as required by La.Code Crim.P. art. 881.1(E), was not filed.

## LAW AND DISCUSSION

Louisiana Code of Criminal Procedure Article 881.1(E) provides: "[f]ailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."

To preserve the review of a sentence on appeal, a defendant must orally move for same at sentencing or file a motion to reconsider sentence within thirty days after sentencing unless the trial court specifically grants the defendant a longer time period in which to file. La.Code Crim.P. art. 881.1(A)(1). In the motion to reconsider, the defendant must "set forth the specific grounds on which the motion is based." La.Code Crim.P. art. 881.1(B). It does not matter whether

3

the motion is made orally at sentencing or in writing within the time periods set forth in Article 881.1(A)(1) or granted by the trial court. *Id.* The trial court has the discretion to deny a motion to reconsider without a hearing. La.Code Crim.P. art. 881.1(D). If a defendant fails to make or file a motion to reconsider, or if the motion to reconsider does not include the specific ground(s) upon which it is based, either party is precluded "from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E).

In the past, this court has declined to reconsider sentences when the motions were not proper per La.Code Crim.P. art. 881.1. In *State v. James*, 95-962, pp. 2-3 (La.App. 3 Cir. 2/14/96), 670 So.2d 461, 464, the defendant filed a motion to reconsider sentence one year and eight months after sentencing, well beyond the thirty day requirement provided by La.Code Crim.P. art. 881.1. The record of sentencing did not reflect that the trial court gave any additional time for the defendant to file the motion and his motion was untimely. *Id.* This court found that the defendant's sentencing claims lacked merit because the motion to reconsider sentence was not timely. *Id.*, See also *State v. King*, 95-344, p. 3 (La.App. 3 Cir. 10/4/95), 663 So.2d 307, 308, *writ denied*, 95-2664 (La. 3/15/96), 669 So.2d 433.

Similarly, in *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356, the defendant failed to object at the sentencing hearing to the sentence imposed and did not timely file a written motion to reconsider sentence. This court found his claim of excessiveness of sentence was barred. See also *State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59.

4

Although Defendant made a contemporaneous objection to his sentence at the sentencing hearing, he never properly moved to have his sentence reconsidered in accordance with La.Code Crim.P. art. 881.1. Further, his written motions for reconsideration of sentence, while timely, failed to comply with subsection B of Article 881.1 and were properly denied by the trial court pursuant to subsection D of that same statute.

The State argues that by failing to file a proper motion to reconsider as required by Article 881.1, Defendant waived his right to seek review of his sentence. While we acknowledge that this court is precluded by legislation and jurisprudence from reviewing the specifics of Defendant's sentence because of his failure to comply with La.Code Crim.P. art. 881.1, this court is not precluded from reviewing Defendant's sentence for constitutional excessiveness. *State v. Workman*, 14-559 (La.App. 5 Cir. 4/15/15), 170 So.3d 279, *writ denied*, 15-0909 (La. 3/24/16), 190 So.3d 1189.

In some instances, this court has also chosen to review claims of excessiveness despite the lack of a contemporaneous oral motion at sentencing and the filing of a motion to reconsider sentence. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, 562 U.S. 1150, 131 S.Ct. 932 (2011). In these cases, this court's consideration was limited to only whether the defendants' sentences were unconstitutionally excessive. Given our discretion to review Defendant's claim of excessiveness or deny his appeal, and in the interest of justice, we choose to review Defendant's claim as a bare claim of unconstitutional excessiveness.

Louisiana courts have set out the following guidelines to be used when reviewing the excessiveness of a sentence. "Sentences within the statutory

sentencing range can be reviewed for constitutional excessiveness." *State v. Sepulvado*, 367 So.2d 762 (La.1979).

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating: "La. Const. art. I, § 20 guarantees that, '[n]o law shall subject any person to cruel or unusual punishment.'" The *Barling* court stated that a penalty has to be "so grossly disproportionate to the severity of the crime as to shock our sense of justice" or that it is "nothing more than a needless imposition of pain and suffering" that "makes no measurable contribution to acceptable penal goals" before it can be deemed excessive by an appellate court. *Id*. The *Barling* court further explained what when a sentence falls within statutory limits for a crime, it cannot be set aside absent a manifest abuse of the trial court's discretion. A trial courts' discretion in imposing sentences is broad. *See Barling*, 779 So. 2d 1035.

In reviewing a trial court's sentencing discretion for a constitutionally excessive sentence, "there are three factors the appellate court should consider, "the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts." *State v. Guilbeau*, 2011-7 p. 7 (La.App. 3 Cir. 6/22/11), 71 So.3d 1010, 1016, quoting *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-0433 (La. 6/25/99).

### 1. Nature of the Crime

In this case, Defendant's crime was the vaginal rape of a twelve year old girl who was unable to resist or defend herself against Defendant, a man thirteen years her senior. Defendant was indicted for aggravated rape because at the time he

6

raped her, the victim was under the age of thirteen. In addition to constituting aggravated rape, Defendant's act was also a "crime of violence." A crime of violence is defined as:

> an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.

La.R.S. 14:2(B).

The record is clear that the trial court found Defendant's crime "despicable and heinous and atrocious in every sense of the light." Additionally, the facts presented in the PSI "indicate to the Court that [Defendant] is a 25-year-old child predator that had a child hand delivered to him by [a co-defendant]."

### 2. Nature and Background of Offender

At the time of the rape, Defendant was twenty-five. His conviction in the instant case was his second felony conviction. His first conviction was in 2007 for theft. The record indicates that the trial court considered the sanity commission's determination that Defendant's IQ is 79, and that he has multiple children. Although Defendant asserts on appeal that the trial court erred by not considering his background, the record supports a conclusion, and defendant acknowledges, that the trial court reviewed Defendant's PSI carefully, and the PSI contained all relevant background information on Defendant.

### 3. Sentences Imposed by Other Courts for the Same Crime

The final prong of the analysis to determine whether a sentence is constitutionally excessive requires this court to look at sentences imposed on defendants in other cases for similar crimes. In *State v. Smith*, 02-719, p. 4

(La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991).

In *State v. Vallery*, 04-1589 (La.App. 3 Cir. 4/6/05), 899 So.2d 836, this court upheld a thirty-five year sentence without benefits for a first time felony offender convicted of forcible rape of his eleven year old stepdaughter. In support of their opinion, a panel of this court determined that Vallery's crime was terrible enough to be a "crime of passion," he had been sentenced within the guidelines, and his sentence was less than the maximum he could have been given. Comparatively, Defendant in the instant case has been convicted of two felonies, the rape was a crime of passion, Defendant's sentence was within the guidelines, and it is less than the maximum the trial court could have ordered.

Importantly, the court in *Vallery* addressed the distinction set forth by the supreme court in *State v. Lanclos,* 419 So.2d 475 (La.1982), addressing whether a maximum sentence was appropriate following a plea agreement. In *Lanclos*, the court distinguished between the crime that the defendant had committed from the crime to which the defendant pled guilty. The *Lanclos* court held that because the defendant committed a crime with greater penalties than the one to which he pled, sentencing him to the maximum under the pled crime was not an abuse of discretion. *Vallery,* 899 So.2d at 839-840.

**CONCLUSION**

Much like the defendant in *Vallery*, Defendant received a substantial benefit in accepting a plea agreement that reduced his exposure from life imprisonment

8

without benefits, to a maximum of forty years imprisonment with no benefits for at least two years. The Defendant is a second offender. His sentence was within the guidelines, but not the maximum sentence, with only ten rather than the full thirty-five year sentence of imprisonment imposed without benefits. After considering the three factors set forth in *Guilbeau* and the entirety of the record, we find that Defendant's sentence is not constitutionally excessive. *Guilbeau*, 71 So.3d at 1016.

## DECREE

For the foregoing reasons, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**