WILLIAMS, J.
 

 | ,The defendant, Charles Williams, was charged by bill of information with three counts of distribution of a Schedule I controlled dangerous substance (marijuana), a violation of LSA-R.S. 40:966(A)(1). Pursuant to a plea agreement, the defendant pled guilty to one count of distribution of marijuana, with a maximum sentence of 15 years at hard labor. As a part of the plea bargain, the state agreed not to initiate habitual offender proceedings against the defendant. After reviewing the defendant’s presentence investigation report, the trial court sentenced the defendant to serve 15 years at hard labor, with credit for time served, with a recommendation for substance abuse treatment. The defendant’s motion to reconsider sentence was denied. The defendant now appeals. For the following reasons, we affirm.
 

 DISCUSSION
 

 The defendant’s appellate counsel has filed a motion to withdraw, together with an
 
 Anders
 
 brief, alleging that there are no non-frivolous issues to raise on appeal. See,
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241;
 
 State v. Mouton,
 
 95-0981 (La.4/28/95), 653 So.2d 1176; and
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history of the case and the plea agreement under which the defendant’s guilty plea was entered, including the agreement regarding his sentence. Defense counsel states that he has mailed copies of the motion to withdraw
 
 *967
 
 and his brief to the defendant, in accordance with the above-cited jurisprudence.
 

 |2The record shows that the defendant was properly advised of his
 
 Boykin
 
 rights before he pled guilty, and the 15-year sentence was imposed in conformity with the plea agreement, which was set forth in the record. Thus, appellate counsel has shown that defendant cannot appeal the sentence imposed and that no non-frivolous errors can be found after a conscientious review of the record.
 

 Defendant’s Pro Se Assignments of Error
 

 The defendant has filed a
 
 pro se
 
 brief, challenging his 15-year sentence as excessive. The defendant argues that the other perpetrators in this matter have worse criminal histories, but were given lesser sentences.
 

 LSA-C.Cr.P. art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Additionally, LSA-R.S. 40:966(B) provides, in pertinent part:
 

 B. Any person who violates Subsection A of this Section with respect to:
 

 [[Image here]]
 

 (3) A substance classified in Schedule I which is marijuana, tetrahydrocannabi-nols, or chemical derivatives of tetrahy-drocannabinols, or synthetic cannabi-noids shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five nor more than thirty years, and pay a fine of not more than fifty thousand dollars.
 

 [[Image here]]
 

 The sentence imposed herein, 15 years at hard labor, was within the statutory limits. Also, the defendant was charged with three counts of distribution of marijuana. He received substantial benefit from pleading Uguilty to one count and from the state’s decision not to file habitual offender proceedings. This assignment lacks merit.
 

 The defendant also contends the trial court erred in failing to conduct a hearing on his motion to reconsider sentence. However, a hearing on the motion to reconsider sentence was held on July 25, 2011, which was after the date the briefs were filed in this Court.
 

 Nevertheless, LSA-C.Cr.P. art. 881.1(D) provides:
 

 The trial court may deny a motion to reconsider sentence without a hearing, but may not grant a motion to reconsider sentence without a contradictory hearing. If the court denies the motion without a hearing, the party who made or filed the motion may proffer evidence it would have offered in support of the motion.
 

 Thus, a trial court is not required to conduct a hearing when it denies the defendant’s motion to reconsider sentence.
 
 State v. Vance,
 
 45,250 (La.App.2d Cir.5/19/10), 36 So.3d 1152;
 
 State v. Bedoya,
 
 08-630 (La.App.5th Cir.12/16/08), 998 So.2d 1283,
 
 writ denied,
 
 2009-0484 (La.11/20/09), 25 So.3d 784.
 

 Additionally, in the motion to reconsider sentence, the defendant alleged that the sentence imposed, “while within the statutory limits, was nonetheless excessive.” The motion did not allege any additional factors that the trial court had not previously considered. This assignment lacks merit.
 

 We have examined the record for errors patent and found none.
 

 CONCLUSION
 

 For the foregoing reasons, appellate counsel’s motion to withdraw is hereby
 
 *968
 
 granted. The defendant’s conviction and sentence are affirmed.
 

 ^MOTION TO WITHDRAW GRANTED; CONVICTION AFFIRMED; SENTENCE AFFIRMED.