CARAWAY, J.
|, Donny R. Shaw pled guilty to aggravated second degree battery and was sentenced to 14 years at hard labor, concurrent with any other sentence previously imposed. Shaw has appealed arguing the excessiveness and illegality of the sentence imposed. We affirm.

Facts

On June 8, 2012, Donny R. Shaw was charged by bill of information with attempted second degree murder and second degree battery arising from an altercation between Shaw and his girlfriend at the couple’s home on May 14, 2012. After Shaw struck the woman during an argument, she fled the home with Shaw firing multiple gunshots at her. During a subsequent tussle between the two, the woman received a concussion after she fell and hit her head on concrete. Shaw denied possessing a weapon at the time of the incident, although witnesses confirmed hearing shots fired. Police recovered a shell casing in the carport.
' As the result of a plea agreement, Shaw pled guilty to an amended charge of aggravated second degree battery with the dismissal of the second degree battery charge by the state. A presentence investigation (“PSI”) was ordered by the trial court and on June 24, 2014, Shaw was sentenced to 14 years at hard labor, concurrent with any previously imposed sentence. After the denial of a motion to reconsider sentence, this appeal ensued.

Discussion

In a counseled assignment of error, Shaw argues that the near maximum sentence is constitutionally excessive given the fact that there |2was little physical evidence to support the claim that he fired three shots toward the "victim or attempted to kill her. Shaw also argues that his criminal history reflects substance abuse problems rather than violent offenses. In a pro se brief, Shaw contends that the sentence was illegally imposed because his not guilty plea at arraignment was never “rescinded and/or replaced with a plea of guilty.”
On June 24, 2014, Shaw appeared before the trial court for sentencing and made a statement on his own behalf, rather than within the PSI. He acknowledged his guilty plea to the crime and apologized to the court and his girlfriend. He requested the mercy of the court, stating that “I really have learned my lesson and I’m really wanting to change my life.”
Before sentencing Shaw, the trial court noted its careful study of the PSIs which included numerous aggravating, but few mitigating factors. Shaw confirmed that his criminal history included his first DWI conviction in 1996, followed with a simple burglary conviction in 1999, and convictions for DWI third in 2005 and DWI fourth in 2006. The court regarded Shaw as a fourth felony offender and took into account that the present offense was a heinous crime against a person precipitated by the abuse of alcohol or other substances. Consideration was given to the benefits received by Shaw through the plea agreement. The sole mitigating factor noted by the trial court was Shaw’s consistent work history. Before imposing sentence, the court stressed that any other sentence would deprecate the seriousness *1188 of the present offense and be an injustice to the victim.
13At the hearing on Shaw’s motion to reconsider sentence on August 12, 2014, Shaw argued that he did not have the opportunity to fully address the court at the sentencing hearing and that the sentence imposed by the trial court was excessive. Shaw again apologized for his actions, but denied firing a gun at Scott or shooting the car that was located in the carport. In denying the motion, the trial court noted that Shaw received a substantial reduction in the potential sentence, refused to take full responsibility for actions and had demonstrated that he was dangerous when angry.
Because Shaw raised only the issue of excessiveness of the sentence in his motion to reconsider sentence, he is relegated to asserting only that claim on appeal. La. C.C.P. art. 881.1; State v. Mims, 619 So.2d 1059 (La.1993).[1]
The trial court is given wide discretion in the imposition of sentences within the statutory limits and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7. A sentence violates La. Const, art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
A maximum sentence is appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Cozzetto, 07-2031 (La.2/15/08), 974 So.2d 665; State v. Blanche, 47,014 (La.App.2d Cir.4/25/12), 92 So.3d 508. However, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792; State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
At the time of the offense, La. R.S. 14:34.7 provided the following sentencing range for aggravated second degree battery:
Whoever commits the crime of aggravated second degree battery shall be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not more than fifteen years, or both.
Under this statute, Shaw faced maximum sentencing exposure of 15 years. We find no abuse of discretion in the imposed upper range sentence. Shaw’s criminal record included four DWIs, simple burglary, indecent behavior with a juvenile and theft. The trial court correctly noted that the only mitigating factor in Shaw’s favor was his consistent employment. De *1189 spite those prior convictions, there was no evidence that Shaw had taken advantage of any prior opportunity for rehabilitation. The circumstances ^surrounding the present offense demonstrated Shaw’s disregard for human life through his inability to control his violent and dangerous tendencies when angry or impaired. Certainly, Shaw’s guilty plea afforded him a significant reduction in potential exposure to confinement. Given these considerations, we find the imposed sentence to be suitably tailored to this defendant and offense and demonstrates no abuse of discretion by the trial court. This assignment is without merit.
In a pro se brief, Shaw also argues that the imposed sentence is invalid because although he admitted to criminal activity, he never entered a plea of guilty and no basis for the imposition of sentence existed.
To be valid, a sentence must rest upon a valid and sufficient: (1) statute; (2) indictment; and (3) verdict, judgment or plea of guilty. La.C.Cr.P. art. 872. The entry of a guilty plea must be a free and voluntary choice on the part of a defendant. State v. Minniefield, 43,300 (La.App.2d Cir.6/4/08), 986 So.2d 227. A valid guilty plea requires a showing that the defendant was advised of his constitutional rights, including his privilege against compulsory self-incrimination, his right to a trial by jury, and his right to confront his accusers. There must also be an express and knowing waiver of those rights. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). An express .and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. State v. Myers, 43,-105 (La.App.2d Cir.3/19/08), 978 So.2d 595; State v. Morrison, 599 So.2d 455 (La.App. 2d Cir.1992). A guilty plea relieves the state of- the burden of proving guilt and Lwaives the defendant’s right to question the merits of the state’s case and the factual basis underlying the conviction, as well as appellate review of the state’s casé against the defendant. State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710.
In brief, Shaw acknowledges that the trial court advised him of his Boykin rights. Moreover, a review of the guilty plea colloquy demonstrates that the court advised Shaw of the charge and potential sentence. Shaw stated his understanding of his rights to a trial by jury, cross-examination of witnesses and his right to remain silent which could not be held against him. Further he acknowledged understanding the state’s burden to prove his guilt beyond a reasonable doubt and the right to appeal any conviction. Thereafter, the following exchange took place between the court and Shaw:
COURT: Do you understand that by pleading guilty you’re giving up every one of these rights?
SHAW: Yes, sir.
COURT: Is it your desire now to enter a plea of guilty to this charge as read to you and waive each and every one of your rights?
SHAW: Yes, sir.
Shaw then admitted the underlying factual basis for the plea and stated that he had not been threatened, coerced, promised any special treatment, or otherwise forced to enter the plea. This - record clearly reflects Shaw’s free and voluntary entry of a plea of guilty to the charge of aggravated second degree battery. Thus, *1190 his claim that the imposed sentence is illegal due to his failure to enter a guilty plea is without merit.
| ^Decree
For the foregoing reasons, Shaw’s conviction and sentence are affirmed.
AFFIRMED.

. Even so, we find adequate La.C.Cr.P. art. 894.1 compliance by the trial court which considered Shaw's personal history and criminal record as contained in the PSI.