WILLIAMS, J.
The defendant, Danny Bradham, was charged by bill of information with possession of a Schedule II, Controlled Dangerous Substance ("CDS"), a violation of La. R.S. 40:967(C). Pursuant to a plea agreement, the defendant pled guilty as charged and was sentenced to six months' imprisonment at hard labor in conformity with an agreed-upon sentence. Defendant now appeals. The defendant's appellate counsel has filed an Anders brief and a motion to withdraw, advising that he has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal. For the following reasons, we affirm defendant's conviction and sentence and grant appellate counsel's motion to withdraw.
FACTS
The record shows that on April 18, 2017, defendant was charged with possession of methamphetamine. On that same day, defendant pled guilty as charged and was sentenced to six months' imprisonment at hard labor with credit for time served.
*777 Defendant's guilty plea was made pursuant to an agreement with the state providing for the imposition of the aforementioned sentence and the dismissal of two misdemeanor charges arising out of the same incident. According to the factual basis read into the record during defendant's guilty plea, Shreveport Police Department officers found defendant in possession of suspected methamphetamine during a "Terry" stop after he was seen walking in the street. The North Louisiana Crime Lab confirmed the substance to be methamphetamine.
During his guilty plea colloquy, defendant stated that he wanted to make a " Crosby plea." The prosecutor responded, "We don't do that. We call them Alford pleas. We don't do that in here. We don't do that." Defendant then stated, "Well, it just reserves a few rights. I was just wondering if you would accept this, but okay." Nothing more was said regarding a Crosby or an Alford plea.
The district court then informed defendant of his constitutional rights pursuant to Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). He stated that he understood and wished to waive his rights. Defendant also acknowledged he understood that by pleading guilty he would be sentenced to six months' imprisonment and he was waiving his right to appeal his conviction. The trial court accepted the plea and immediately sentenced defendant in accordance with the plea agreement. In May 2017, defendant timely filed a pro se motion for appeal, which the trial court denied. Following an application for writ of supervisory review, this court ordered the perfection of defendant's appeal and the Louisiana Appellate Project was appointed to represent him.
The defendant's appellate counsel has filed an Anders brief and a motion to withdraw, alleging that he could find no non-frivolous issues to raise on appeal. See Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ; State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 ; State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176 ; State v. Benjamin , 573 So.2d 528 (La. App. 4 Cir. 1990). Appellate counsel's brief outlines the procedural history of the case, the agreement under which defendant's plea was entered and the actions of the trial court. The brief also contains "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Jyles, supra . Additionally, appellate counsel certifies that he has mailed copies of the motion to withdraw and his brief to the defendant, in accordance with Anders , Jyles and Mouton, supra .
DISCUSSION
In his pro se brief, defendant seems to contend the conviction and sentence are illegal, his trial counsel was ineffective and he invoked Crosby . However, defendant does not provide any argument to support these assertions or explain how Crosby applies to his guilty plea. The state did not file an appellate brief.
Generally, a valid, unqualified plea of guilty waives a defendant's right to appeal all non-jurisdictional defects in the proceedings prior to the plea. State v. Crosby , 338 So.2d 584 (La. 1976) ; State v. Burks , 47,587 (La. App. 2 Cir. 1/16/13), 108 So.3d 820, writ denied , 2013-0424 (La. 7/31/13), 118 So.3d 1116. A defendant's guilty plea also waives any right to question the merits of the state's case and factual basis for the plea. State v. Shaw , 49,876 (La. App. 2 Cir. 5/20/15), 166 So.3d 1185, writ denied , 2015-1247 (La. 6/3/16), 192 So.3d 755. However, subject to the trial court's acceptance, a defendant may enter a plea of guilty while simultaneously *778 reserving identified pre-plea errors for appellate review, referred to as a " Crosby plea." The function of a Crosby plea is to permit a fair and efficient review of a central issue when the pre-plea ruling on that issue, if erroneous, would mandate reversal of any resulting conviction. State v. Crosby, supra ; State v. Thomas , 28,790 (La. App. 2 Cir. 10/30/96), 683 So.2d 1272.
The courts usually review guilty pleas only to ensure that they were both counseled and voluntary. State v. Brooks , 38,963 (La. App. 2 Cir. 9/22/04), 882 So.2d 724, writ denied , 2004-2634 (La. 2/18/05), 896 So.2d 30. The entry of a guilty plea must be a free and voluntary choice on the part of a defendant. State v. Brooks, supra ; State v. Garth , 622 So.2d 1189 (La. App. 2 Cir. 1993). A valid guilty plea requires a showing that a defendant was informed of and waived his constitutional rights to trial by jury, to confrontation and to the privilege against compulsory self-incrimination. Boykin v. Alabama, supra ; State ex rel. Jackson v. Henderson , 260 La. 90, 255 So.2d 85 (1971) ; State v. Monroe , 25,825 (La. App. 2 Cir. 3/30/94), 635 So.2d 481. Where the record establishes that an accused was informed of and waived his Boykin rights, then the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. State v. Wynne , 40,921 (La. App. 2 Cir. 4/12/06), 926 So.2d 789.
A violation of La. R.S. 40:967(C) carries a sentence of imprisonment of up to five years, with or without hard labor, and a fine of up to $5,000. A defendant cannot seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C.Cr.P. art. 881.2 ; State v. Young , 96-0195 (La. 10/15/96), 680 So.2d 1171.
Generally, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief ("PCR") in the trial court than by appeal. This is because PCR creates the opportunity for a full evidentiary hearing under La. C.Cr.P. art. 930. State ex rel. Bailey v. City of West Monroe , 418 So.2d 570 (La. 1982) ; State v. Ellis , 42,520 (La. App. 2 Cir. 9/26/07), 966 So.2d 139, writ denied , 2007-2190 (La. 4/4/08), 978 So.2d 325.
A review of the record shows no non-frivolous issues and no arguments or rulings which arguably support an appeal. The defendant filed a pro se appellate brief, but raised no meritorious assignments of error. The record shows that defendant was properly advised of his Boykin rights, understood the plea agreement, and voluntarily pled guilty. We find no errors patent regarding the bill of information, the guilty plea, or the sentencing proceedings.
Upon pleading guilty to possession of methamphetamine, defendant was sentenced to six months' imprisonment at hard labor. This sentence is consistent with defendant's plea agreement. Thus, defendant is precluded from seeking review of his sentence as it was imposed in conformity with the plea agreement stated in the record at the time of the plea.
During the guilty plea colloquy, defendant told the trial court that he wanted to enter a Crosby plea to reserve "a few rights." However, defendant did not identify any pre-plea errors to reserve for appellate review, either at the guilty plea hearing or in his pro se appellate brief. In fact, the record reflects that there were no pre-plea rulings on any central issues that were subject to review.
Defendant's ineffective assistance of trial counsel contention is a matter more properly raised in a PCR application. In his pro se appellate brief, defendant merely makes a conclusory statement that his *779 trial counsel was ineffective and fails to identify any instances in which his trial counsel provided ineffective assistance. To the contrary, we note that defendant received a substantial benefit from the plea agreement as two misdemeanors were dismissed and he received only six months' imprisonment at hard labor. In addition, during the guilty plea colloquy, defendant replied yes when asked by the court if he felt "comfortable" with the advice that he received from his trial counsel. Thus, defendant's assignments of error are without merit.
Based upon this record, there are no non-frivolous issues to raise on appeal. Accordingly, appellate counsel's motion to withdraw is hereby granted.
CONCLUSION
For the forgoing reasons, the defendant's conviction and sentence are affirmed. Appellate defense counsel's motion to withdraw is hereby granted.
CONVICTION AND SENTENCE AFFIRMED; APPELLATE COUNSEL'S MOTION TO WITHDRAW GRANTED.