WILLIAMS, J.
The defendant, Joseph Miller, Jr., was charged by bill of information with aggravated second degree battery, in violation of La. R.S. 14:34.7. Pursuant to a plea agreement, the defendant pled guilty as charged in exchange for a 12-year sentencing cap. Thereafter, the trial court sentenced the defendant to 10 years' imprisonment at hard labor. For the following reasons, we affirm.
FACTS
The defendant, Joseph Miller, Jr., and the victim, Linda Young,[1] were involved in a romantic relationship. On October 8, 2014, Young was at her home in Delhi, Louisiana. At approximately 9:00 p.m., Young's aunt came to her home and asked Young to drive her "to town." As the two women exited the house, they observed the defendant sitting under a tree in Young's front yard. As she was leaving with her aunt, Young informed the defendant that a man named Larry Rancher had repaired her washing machine. Thereafter, Young and her aunt left the home in Young's vehicle. As they were riding, her aunt cautioned Young about the defendant's possessive and violent character.
When Young returned home approximately 30 minutes later, she did not see the defendant in the yard. She entered her home and went directly to the bathroom. The defendant approached her from behind and demanded, "How did you pay [Rancher]? Did you f**k him?" Young replied, "No" and told the defendant to "get [his] crazy self out of [her] house." The defendant walked out of the room, then returned and struck Young from behind, knocking her to the floor. Thereafter, using a kitchen knife, the defendant stabbed Young once in the back, along her spine, and once in the upper abdominal area under one of her breasts.[2] The incident was witnessed by Young's nine-year-old son and 13-year-old grandson. Young's grandson ran to a neighbor's house for assistance; Young was transported to the hospital by a family member.
By the time law enforcement officers arrived on the scene, the defendant had fled. A police officer interviewed Young at *25 the hospital and she identified the defendant as her attacker. Young's grandson also informed police officers that the defendant had stabbed Young. The defendant was apprehended the same night.
The defendant was charged by bill of information with aggravated second degree battery, in violation of La. R.S. 14:34.7. Following multiple pretrial motions and hearings, the defendant and the state reached a plea agreement, whereby the defendant pled guilty as charged and the state agreed to a sentencing cap of no more than 12 years' imprisonment at hard labor. Thereafter, the trial court sentenced the defendant to serve 10 years at hard labor. Subsequently, the trial court denied the defendant's motion to reconsider sentence.[3]
The defendant appeals.
DISCUSSION
The defendant contends the trial court erred in finding that his guilty plea was knowingly and voluntarily entered. He argues that the factual basis for the plea was insufficient. According to the defendant, the trial court erred in finding that he had the necessary criminal intent in committing the offense because the state's factual basis for the guilty plea included a statement that defendant was intoxicated at the time of the offense. Further, the defendant maintains that the trial court also noted that intoxication would have impacted his specific intent to commit the offense.
Generally, a valid, unqualified plea of guilty waives a defendant's right to appeal all nonjurisdictional defects in the proceedings prior to the plea. State v. Crosby , 338 So.2d 584 (La. 1976) ; State v. Burks , 47,587 (La. App. 2 Cir. 1/16/13), 108 So.3d 820, writ denied , 2013-0424 (La. 7/31/13), 118 So.3d 1116. A defendant's guilty plea also waives any right to question the merits of the state's case and the factual basis for the plea. State v. Shaw , 49,876 (La. App. 2 Cir. 5/20/15), 166 So.3d 1185, writ denied , 2015-1247 (La. 6/3/16), 192 So.3d 755. Except in the case of an Alford plea,[4] a trial court is not required to ascertain a factual basis for the crime prior to accepting the guilty plea. State v. Mack , 45,552 (La. App. 2 Cir. 8/11/10), 46 So.3d 801 ; State v. Kennedy , 42,850 (La. App. 2 Cir. 1/9/08), 974 So.2d 203. However, doing so provides a method by which the trial court can test whether the plea was voluntarily and intelligently entered. State v. Mack , supra.
In State v. Mack , supra , the defendant pled guilty as charged to two counts of attempted second degree murder. The factual basis presented during the plea colloquy indicated that the defendant was under the influence of Phencyclidine ("PCP") when he shot his mother and his child. On appeal, the defendant argued that the factual basis provided by the state was insufficient to support his convictions. Specifically, the defendant argued that "no court could have concluded that he had the specific intent to kill his victims" because the record reflected that he had used PCP, a hallucinogenic drug, prior to committing the offenses. This Court affirmed the defendant's convictions, stating:
While defendant's claim of voluntary drug use raises the possibility of a defense of lack of specific intent (intoxication)
*26 as to the attempted second degree murder charges, he waived such an affirmative defense by pleading guilty. Further, the assertion by his attorney that defendant was under the influence of an intoxicating substance at the time of the offense does not negate his admission of guilt or create grounds by which to attack the sufficiency of the evidence.
Regardless, the record evinces that defendant's guilty plea was validly entered. Therefore, he is precluded from raising on appeal any issue regarding whether there was sufficient evidence for his conviction.
Id. , at 804 (footnote omitted).
In the instant case, during the Boykin hearing, the state recited a significant factual basis for the offense as follows:
[T]he state contends that Mr. Miller was under the influence of alcohol or drugs or both. He entered the victim's residence and stabbed her multiple times in the back. Stabbed her in the front, her abdomen area.
Prior to entering his guilty plea, the defendant affirmed that he had the opportunity to discuss his "case and any defenses" with his trial counsel and that his counsel had explained the charge and sentencing exposure to him. He also affirmed that he was "completely satisfied" with the services provided by his attorney. Additionally, the defendant's trial counsel affirmed that she had "advised the defendant of the nature of the charge against him and his constitutional rights."
Further, the record contains strong evidence of the defendant's guilt. The defendant admitted to stabbing Young. At his sentencing hearing, the defendant stated that, at the time of the offense, he was "involved with drugs, alcohol, on a daily basis" and expressed remorse for his actions. The defendant's only argument regarding the underlying factual basis for the offense is the "potential" affirmative defense of voluntary intoxication. Although the trial court noted that synthetic marijuana "can make you do crazy things," the court also noted that "it does not alleviate the intent of the crime that was committed."
We find that this record supports the trial court's finding that the plea was knowingly and voluntarily entered. Similar to the defendant in State v. Mack , supra , the defendant waived his right to assert the affirmative defense of intoxication by pleading guilty. The defendant's claim that he was under the influence of drugs and/or alcohol at the time of the offense does not negate his admission of guilt or create grounds by which to attack the sufficiency of the evidence. State v. Mack , supra. Consequently, the defendant is precluded from raising the issue of sufficiency of the evidence for his conviction. This assignment lacks merit.
The defendant also contends the trial court erred in conducting a hearing on his counseled motion to reconsider sentence without his attorney being present. He argues the trial court erred in failing to determine whether he had knowingly and voluntarily waived his right to counsel at the hearing. The defendant maintains that the hearing was a critical stage of the proceedings, and he was entitled to legal representation. According to the defendant, his guilty plea precludes him from appellate review of his sentence; therefore, the motion to reconsider sentence was his only opportunity to have his sentence reviewed. Additionally, the defendant asserts that the judge who heard the motion[5] and *27 the assistant district attorney improperly discussed the merits of the motion while waiting for the defendant's arrival at the hearing.
La. C. Cr. P. art. 881.1(D) provides:
The trial court may deny a motion to reconsider sentence without a hearing, but may not grant a motion to reconsider without a contradictory hearing. If the court denies the motion without a hearing, the party who made or filed the motion may proffer the evidence it would have offered in support of the motion.
Thus, a trial court is not required to conduct a hearing when it denies the defendant's motion to reconsider sentence. State v. Williams , 46,468 (La. App. 2 Cir. 9/21/11), 72 So.3d 966 ; State v. Vance , 45,250 (La. App. 2d Cir. 5/19/10), 36 So.3d 1152.
In State v. Griffin , 41,946 (La. App. 2 Cir. 5/2/07), 956 So.2d 199, the defendant pled guilty to DWI, third offense, and was sentenced in conformity with an agreed-upon sentence. Thereafter, the defendant filed a pro se motion to reconsider sentence. Following a hearing at which the defendant was not represented by counsel, the motion was denied. On appeal, the defendant argued that he was denied his right to counsel at the hearing on his motion. This Court noted that the hearing on the motion to reconsider sentence was not necessary, "given that there was no legitimate support for defendant's motion to reconsider."
In the instant case, defense counsel filed a motion to reconsider sentence on June 10, 2016.[6] The initial hearing was set for August 3, 2016, but was reset several times. Subsequently, a hearing was set for January 4, 2017, but was reset because defense counsel was not present. Thereafter, the defendant made multiple pro se filings, including a writ of habeas corpus , to which he attached the counseled motion to reconsider sentence.
Subsequently, a hearing was held on the motion to reconsider sentence. The transcript of the hearing reveals that prior to the defendant's arrival at the hearing, the trial judge and the assistant district attorney attempted to clarify why Judge McIntyre (the judge who accepted the defendant's guilty plea and imposed the sentence) had scheduled a hearing on the motion to reconsider sentence. The hearing convened after the defendant arrived in the courtroom.
The transcript demonstrates that the defendant informed the trial court that he was representing himself for the proceeding. Further, the defendant expressed remorse for his actions, stating that he did not have "anything personal against" the victim. He also rearticulated his belief that his sentence was excessive, due to his age and health conditions. The defendant also argued that his sentence was excessive because Young, the victim, was not present in court on any of the occasions when the motion to reconsider sentence was set to be heard.
As stated above, it is permissible for a trial court to deny a motion to reconsider sentence without conducting a hearing. Further, the defendant stated that he was representing himself during the proceeding.
*28 [7] Consequently, based on this record, we find no error in the trial court's decision to proceed with the hearing in the absence of counsel. Nor do we find any error in the trial court's denial of the defendant's motion to reconsider sentence. This assignment lacks merit.
CONCLUSION
For the foregoing reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.

In some portions of the record, Young is referred to as Linda Williams.

Young suffered severe injuries that required her to be airlifted to the LSU Trauma Center in Shreveport.

The defendant filed a writ application in this Court regarding the denial of his motion to reconsider sentence. By order dated May 8, 2017, we denied the defendant's writ application. On June 29, 2017, we granted another writ application filed by the defendant and remanded this matter to the trial court for perfection as an appeal.

North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970).

Judge Ann McIntyre conducted the Boykin and sentencing hearings. The hearing on the motion to reconsider sentence was conducted by Judge Stephen Dean, who replaced Judge McIntyre when she retired from the bench.

When the defendant pled guilty and was sentenced, he was represented by Amanda Wilkins of the Fifth Judicial District Office of the Public Defender. At some point, Wilkins left the public defender's office. The motion to reconsider sentence was filed by Emily Shields, another attorney in the public defender's office.

Additionally, earlier in the proceedings (prior to accepting the defendant's guilty plea), the trial court advised the defendant as follows:
Do you understand that since you've entered into the plea bargain with regard to the sentence that you will not be allowed to appeal or to seek review of the length or severity of the sentence. Nor will I be able to amend, modify, or reduce your sentence after you begin serving your sentence.
The defendant responded, "Right. Yes."