COX, J.
This criminal appeal arises from the Fifth Judicial District Court, Richland Parish, Louisiana. The defendant, Derrick Lynn Cooper, pled guilty to attempted indecent behavior with a juvenile, in violation of La. R.S. 14:81 and 14:27. Cooper was sentenced to 3½ years' imprisonment at hard labor. For the following reasons, Cooper's guilty plea is vacated, his conviction and sentence set aside, and the matter remanded for further proceedings.
FACTS
Cooper was charged by bill of information with indecent behavior with a juvenile, in violation of La. R.S. 14:81. The parties reached a plea agreement, which was reduced to writing and stated that Cooper would plead guilty to attempted indecent behavior with a juvenile. In return, Cooper would receive a sentence of three years' imprisonment at hard labor. Pursuant to the plea agreement, Cooper would be permitted to return for sentencing on June 21, 2017. If he failed to appear on June 21, the sentencing agreement would be invalid, a presentence investigation would be ordered, and he would be subject to habitual offender proceedings. On April 19, 2017, Cooper entered a guilty plea to attempted indecent behavior with a juvenile. The trial court found his plea to be free and voluntary.
When Cooper failed to appear on June 21 for sentencing, a bench warrant was issued for his arrest, and pursuant to the terms of the plea agreement, the trial court ordered a presentence investigation. Cooper was arrested on October 3, 2017. On November 16, 2017, Cooper filed a pro se motion to quash and dismiss the pending charge and a pro se motion to withdraw the guilty plea. Cooper alleged that he was forced to sign the plea agreement and that investigators had admitted there *977 was no evidence that the offense had been committed. Cooper further alleged that he accepted the plea based upon the misleading advice of counsel that there was no defense and that if he did not accept the plea, he would receive a sentence of 20 to 40 years' imprisonment. He argued that if he had understood that additional evidence would be necessary to establish his guilt at trial, he would have insisted on proceeding to trial.
On December 31, 2017, Cooper appeared for sentencing. Cooper's pro se motion to quash and dismiss the pending charge and pro se motion to withdraw the guilty plea were both denied. After discussing the contents of the presentence investigation report, including Cooper's criminal history and the facts of the instant offense, the trial court sentenced Cooper to 3½ years' imprisonment at hard labor. Cooper was provided with a notice of sex offender registration requirements. This appeal followed.[1]
DISCUSSION
Cooper argues that the trial court abused its discretion in denying his motion to withdraw the guilty plea because the factual basis was insufficient in light of his consistent declarations of innocence. He asserts that, in the absence of an admission of guilt, the record should contain a significant or substantial factual basis to support the charge. Cooper further argues that his guilty plea was not knowingly and voluntarily entered because he was not adequately informed of the obligation to register as a sex offender, was misinformed as to his eligibility for "good time," and may have been under a misapprehension as to the potential sentence he could receive as a habitual offender.
In response, the State argues that, except in the case of an Alford plea,[2] the trial court is not required to ascertain a factual basis for the offense prior to accepting a guilty plea. The State asserts that Cooper was advised of his rights under Boykin ,[3] the trial court set forth the elements of the offense, Cooper was advised of the maximum sentence available under the statute, and the trial court determined that Cooper understood and accepted the plea agreement. The State further argues that the record clearly reflects that Cooper understood the charge against him and the charge he was pleading guilty to at the time of the hearing.
Upon motion of the defendant and after a contradictory hearing, the court may permit a plea of guilty to be withdrawn at any time before sentencing. La. C. Cr. P. art. 559(A). The discretion to allow the withdrawal of a guilty plea under Art. 559(A) lies with the trial court and such discretion cannot be disturbed unless an abuse or arbitrary exercise of that discretion is shown. State v. Martin , 48,045 (La. App. 2 Cir. 5/15/13), 115 So.3d 750. A defendant has no absolute right to withdraw a guilty plea. Id.
A valid guilty plea must be a voluntary choice by the defendant and not the result of force or threats. La. C. Cr. P. art. 556.1. Art. 556.1 provides that prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is *978 offered, any mandatory minimum penalty, and the maximum possible penalty. When the record establishes that an accused was informed of and waived his right to a trial by jury, to confront his accusers, and against self-incrimination, the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. State v. Martin , supra .
A guilty plea normally waives all nonjurisdictional defects in the proceedings prior to the plea, including insufficiency of the evidence. State v. Crosby , 338 So.2d 584 (La. 1976) ; State v. Johnson , 51,430 (La. App. 2 Cir. 7/5/17), 224 So.3d 505. It is well settled that a guilty plea by its nature admits factual guilt and relieves the State of the necessity to prove it by a contested trial. State v. Bourgeois , 406 So.2d 550 (La. 1981). A validly entered guilty plea, or plea of nolo contendere , waives any right a defendant might have had to question the merits of the State's case and the factual basis underlying the conviction. State v. Bradham , 51,889 (La. App. 2 Cir. 4/11/18), 246 So.3d 775.
The due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. Louisiana law, unlike federal law, has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis. State v. Estes , 42,093 (La. App. 2 Cir. 5/9/07), 956 So.2d 779, 787, writ denied , 07-1442 (La. 4/4/08), 978 So.2d 324. However, where a defendant protests his innocence, or the trial court is put on notice that a defendant may be innocent, a guilty plea may only be accepted by the trial court upon a judicial finding that there is a significant factual basis for the defendant's plea. North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) ; State v. Bass , 45,298 (La. App. 2 Cir. 8/11/10), 47 So.3d 541, writ denied , 10-2405 (La. 2/25/11), 58 So.3d 457.
In State v. Thomas , 29,477 (La. App. 2 Cir. 4/2/97), 691 So.2d 368, this Court vacated a defendant's guilty plea and set aside his conviction and sentence for manslaughter due to the defendant's assertion during his guilty plea colloquy that he shot the victim in self-defense. This Court noted that the defendant's last response was a refusal to acknowledge the recited circumstances and instead, asserted a justification for his actions. The trial court was found to have erred in ending the inquiry without further clarification of the defendant's voluntary and intelligent consent to the plea.
In State v. Ford , 29,170 (La. App. 2 Cir. 1/22/97), 687 So.2d 658, this Court noted that the defendant's statement at his Boykin hearing that he acted in self-defense by stabbing the victim "was sufficient to place the district court on notice that a judicial finding of a significant factual basis for the plea was required."
In State v. Stevenson , 45,371 (La. App. 2 Cir. 6/23/10), 41 So.3d 1273, the defendant sought to withdraw his guilty plea to criminal damage to property with the intent to defraud, arguing that the trial court accepted his guilty plea despite his assertions that he did not damage any property and without ascertaining whether a sufficient factual basis existed for the acceptance of the guilty plea. This Court noted that nowhere in the transcript of the guilty plea did the defendant, or his attorney, use the words " Alford plea." This Court found that the record reflected that the defendant clearly admitted to the misdemeanor crime of theft of utilities, but he denied the felony offense of criminal damage to property with the intent to defraud, even though he pled guilty to the charge.
In Stevenson , the recitation of the facts by the prosecution made no mention of *979 damage to property, but only mentioned the theft of electricity. No facts were given to support any of the necessary elements for the charge of criminal damage to property with the intent to defraud. The trial court did not go over the elements of the offense to which he was pleading, and instead, merely asked the defendant if he understood he was pleading guilty to that crime. Reviewing the transcript in light of Alford , this Court held that there was not enough evidence that the defendant's guilty plea, coupled with the protestation of innocence, was based on a significant factual basis and was knowing and voluntary. The conviction was reversed and the matter remanded to give the defendant the opportunity to withdraw his guilty plea to the felony offense.
The test for the validity of a guilty plea does not depend upon whether or not the district court specifically informed the accused of every element of the offense. Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading. State v. Johnson, supra. Violations of Art. 556.1 that do not rise to the level of Boykin violations are subject to the harmless error analysis. Id. The proper inquiry is whether the defendant's knowledge and comprehension of the full and correct information would have likely affected his or her willingness to plead guilty. Id.
Prior to accepting Cooper's guilty plea, the trial court determined that he was competent to enter the plea and waive his rights. Cooper indicated that he had sufficient time to talk with his attorney and did not have any questions. The trial court then read the elements of the offense, under La. R.S. 14:81 and 14:27, informed Cooper of the possible maximum penalty, and inquired as to whether there had been any threats, pressure, or promises to influence Cooper in entering his plea. Cooper was advised of his rights to a trial by jury, to the assistance of counsel during trial, to have the State prove its case beyond a reasonable doubt, to confront and cross-examine witnesses, to testify or not testify, and to appeal. Cooper indicated that he understood those rights and that, by pleading guilty, he waived those rights.
The State then entered its factual basis on the record, as follows:
Judge, the facts in this case if we went to trial would be that on the date set forth in the bill of information, this defendant entered the house of where the victim was ultimately was located, he came in contact with he[r], during the course of that contact - contact, he made physical contact with a - in a way with her which would fall within the definition of lewd and lascivious acts under the Statute.
At the conclusion of the State's factual basis, the following exchange took place:
MR. COOPER: It wasn't true though. (Emphasis added)
COURT: All right.
MR. WHEELER: All right, we will say he attempted.
COURT: Right attempted.
MR. WHEELER: To commit an act...
COURT: Attempt. Okay.
MR. WHEELER: ... which would be defined as lewd or lascivious under this statute.
COURT: Okay.
MR. COOPER: That's a lie[.] (Emphasis added)
COURT: Upon the record before me I find that the plea is entered freely, voluntarily both with an understanding of the nature of these charges and the consequence of the plea, including Mr. Cooper's understanding of the plea agreement. I also find that it has *980 a factual basis containing all elements of the crime charged[.]
While Cooper was advised of and waived his Boykin rights, and stated his desire to plead guilty, his remarks following the State's recitation of facts are a clear protestation of innocence and put the trial court on notice that it needed to ascertain a significant factual basis in order to accept his guilty plea. Rather than gain additional clarification of Cooper's voluntary and intelligent consent to the plea, the trial court erred in ending the inquiry. We find Cooper's consistent assertions of innocence undermine the conclusion that his plea represented a voluntary and intelligent choice among his alternatives. For this reason, we respectfully vacate Cooper's guilty plea. We pretermit the other arguments raised by Cooper as we are remanding the case for further proceedings.
CONCLUSION
We respectfully vacate the guilty plea, set aside the conviction and sentence, and remand for further proceedings.
VACATED AND REMANDED.

Cooper filed an application for supervisory review, which was remanded for perfection as an appeal on April 19, 2018 (No. 52,223-KH). A motion and order for out-of-time appeal was filed and the Louisiana Appellate Project was appointed to represent Cooper.

North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).